IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-467-FL

| | |
|---|---|
| KELLY ROUTTEN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)      ORDER<br>) |
| LIFE INSURANCE COMPANY OF<br>NORTH AMERICA, | )<br>)<br>) |
| Defendant. | ) |

This matter is before the court upon defendant's motion to dismiss with prejudice, or alternatively, for default judgment (DE 18). For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff began this employee benefit action by filing complaint in this court November 18, 2022. After the entry of a case management order in June, 2023, and the progress of discovery, plaintiff's counsel moved to withdraw November 20, 2023, which motion the court granted November 30, 2023. (See Order (DE 16)). At that time, the deadline for dispositive motions was December 1, 2023. The court's order approving plaintiff's counsel's withdrawal provided that plaintiff must file a notice of self-representation or cause new counsel to file a notice of appearance within 21 days of the order, and expressly warned that failure to do so "may" result in sanctions, "including but not limited to dismissal or default judgment." (See id.). Plaintiff untimely filed a notice of self-representation January 26, 2024, dated January 24, 2024.

Defendant filed the instant motion to dismiss with prejudice or, alternatively, for default judgment against plaintiff January 2, 2024. This motion rests entirely upon plaintiff's failure to file a notice of self-representation within the required period.

**COURT'S DISCUSSION**

Defendant argues that plaintiff's notice of self-representation was filed late, and that this failure justifies dismissal. The court agrees that the filing was late, but disagrees that dismissal is warranted as a sanction.

As a preliminary matter, the court addresses the circumstances of plaintiff's late filing. Plaintiff's former counsel was allowed to withdraw November 30, 2023, one day before the dispositive motions deadline. (See Order (DE 16)). The court therefore also extended that deadline to January 15, 2024. (See Order (DE 17)).

Plaintiff avers in her sworn affidavit that she was not kept abreast of the case her former counsel, that she has significant mobility and internet access issues, and that she became aware of the dispositive motions deadline only upon receipt of defendant's motion in January 2024. (See Pl's Resp. (DE 22) Ex. 1 (DE 22-1) ¶¶ 2, 7, 9, 13–14, 16)).[1] Plaintiff avers that she called the clerk of court, who told her she had until January 15, 2024 to file "anything." (Id. ¶ 5). Plaintiff evidently understood this to mean that she had until that date to file her notice of self-representation, not just any dispositive motions. (See Pl's Resp. 11).

In light of plaintiff's pro se status and other circumstances, the court credits this misunderstanding as reasonable. However, even with this misunderstanding, plaintiff's notice of self-representation is dated January 24, 2024, nine days after what plaintiff understood to be the deadline. (See Notice of Self-Representation (DE 21) 2). Thus, even with plaintiff's reasonable

---

[1] Plaintiff's affidavit contains two paragraphs numbered 16. This citation refers to the first such paragraph, that begins with "[e]xcept for the initial filing . . . ." (Pl's Resp. Ex. 1 ¶ 16).

misunderstanding of the pertinent deadline, her notice was still late. The court turns to defendant's request for dismissal with this determination in mind.

This court has the power to involuntarily dismiss a complaint sua sponte under Federal Rule of Civil Procedure 41(b), when a plaintiff "fail[s] to respond to a specific directive from [the court]." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). To determine whether to dismiss a case in these circumstances, the court considers 1) the plaintiff's degree of responsibility; 2) any history of dilatory conduct; 3) prejudice to the defendant; and 4) effectiveness of sanctions less drastic than dismissal. Bauer v. C.I.R., 97 F.3d 45, 49 (4th Cir. 1996).

Also relevant are lack of any good cause, repeated disregard for judicial warnings, a lack of diligence, and history of non-compliance with court orders. See Holder at 625–26 (discussing all these factors as justifying district court's sua sponte dismissal). Conversely, dismissal is not warranted where an attorney "briefly" fails to comply with an order without any blame on the client's part or, as particularly relevant in this case, where a plaintiff is pro se and has "limited opportunities" to follow the progress of the case. Id. at 626; Doyle v. Murray, 938 F.2d 33, 35 (4th Cir. 1991).

These considerations weigh against dismissal here. Defendant is correct that plaintiff failed to meet the deadline to file her notice of self-representation, whether measured by the true deadline or plaintiff's reasonable misunderstanding. However, plaintiff presents in her affidavit that she could not follow her case even while represented, and has significant difficulty doing so now, pro se. (See Pl's Resp. Ex. 1 ¶¶ 3, 13–16). This case therefore aligns with language in Holder instructing leniency for pro se parties in such circumstances, not with its discussion of other cases in which represented parties committed far more persistent and prejudicial misconduct than occurred here. Indeed, plaintiff missed her reasonable misunderstanding of the deadline by just

nine days, which strongly counsels against dismissal. See Hillig v. C.I.R., 916 F.2d 171, 174 (4th Cir. 1990) (holding that represented party's three-month delay did not justify dismissal).

Defendant's citations do not suggest a contrary result, because each involved a plaintiff with a protracted history of misconduct, or otherwise differed from the circumstances here. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (affirming dismissal of action where plaintiff had failed to clarify content of complaint for over a year); Iou Central, Inc. v. Ladd, No. 5:21-cv-117-M, 2023 WL 4844367, at *1 (E.D.N.C. May 23, 2023) (dismissing action without prejudice because plaintiff never responded to court order); Nehme v. Khoury, No. 5:14-cv-114-FL, 2018 WL 3876579, at *3–5 (E.D.N.C. Aug. 15, 2018) (dismissing action where plaintiff had history of misconduct which series of lesser sanctions had not deterred); Velasquez v. Salsa & Beer Rest., Inc., No. 5:16-cv-655-D, 2018 WL 4855207, at *2 (E.D.N.C. Oct. 5, 2018) (entering default where defendants had acted in bad faith, and had violated multiple court orders).

Having considered the relevant factors, while plaintiff bears some personal responsibility here she has no history of dilatory conduct, and defendant has suffered little. Under the circumstances presented, the court denies defendant's motion.[2]

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss, or alternatively, for default judgment (DE 18) is DENIED. The court hereby, in the exercise of its discretion, re-opens and extends the dispositive motions deadline in this case now to May 31, 2024.

---

[2] However, the court cautions plaintiff that future leniency should not be taken for granted. Plaintiff is expected to comply with all other deadlines and orders going forward; failure to do so may result in sanctions, up to and including involuntary dismissal or default judgment.

SO ORDERED, this the 26th day of March, 2024.

                                                                                      LOUISE W. FLANAGAN
                                                                                       United States District Judge